**Pages 1 - 14**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **No. CR 21-0027 WHA** |
| ) | |
| ARDIT FERIZI, ) | |
| ) | San Francisco, California |
| Defendant. ) | Tuesday |
| _____ ) | November 16, 2021 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:          STEPHANIE M. HINDS
                        ACTING UNITED STATES ATTORNEY
                        450 Golden Gate Avenue, Box 36055
                        San Francisco, California  94102
                   **BY: WILLIAM FRENTZEN**
                        **ASSISTANT UNITED STATES ATTORNEY**

For Defendant:          MOEEL LAH FAKHOURY LLP
                        1300 Clay Street, Suite 600
                        Oakland, California 94612
                   **BY: HANNI M. FAKHOURY, ESQ.**

Reported by:    Katherine Powell Sullivan, CSR #5812, CRR, RMR
                Official Reporter - U.S. District Court

| | |
|---|---|
| 1 | **Tuesday - November 16, 2021**                    **12:49 p.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---o0o--- |
| 4 | **THE CLERK:** We are calling case number 21-cr-0027, USA |
| 5 | versus Ardit Ferizi. |
| 6 | Appearances, please, starting with the Government and |
| 7 | defense counsel. |
| 8 | **MR. FRENTZEN:** Good afternoon, Your Honor. William |
| 9 | Frentzen for the Government. |
| 10 | **MR. FAKHOURY:** Good afternoon, Your Honor. Hanni |
| 11 | Fakhoury on behalf of Mr. Ferizi. He's present in marshal's |
| 12 | custody, Your Honor. |
| 13 | **THE COURT:** Okay. Welcome to all of you. |
| 14 | What's our status? |
| 15 | **MR. FRENTZEN:** Your Honor, we've continued to talk. I |
| 16 | think the parties have discussed this and have effectively |
| 17 | reached an understanding that this case will not resolve short |
| 18 | of trial. And so, on that basis, I think that it would be |
| 19 | appropriate to set further dates. |
| 20 | Just to let the Court know, the only -- well, an issue |
| 21 | that I just want the Court to be aware of, in terms of timing, |
| 22 | is one of -- there are some disputes about discovery. I mean, |
| 23 | there's a lot of discovery that we've already worked out; there |
| 24 | are some disputes. |
| 25 | Because of the nature of the underlying investigation, a |

1  lot of the information or a lot of the materials in this case
2  are classified; and, therefore, depending on what happens with
3  some of these discovery requests, I'm simply warning the Court
4  that there may -- I may need additional time if I am to produce
5  materials that need to be declassified.
6      But, other than that, I think we can just set it on a
7  timetable and -- you know, and try the case.
8          **THE COURT:**  I don't even know what the case is about.
9          **MR. FRENTZEN:**  Sure.  So Mr. Ferizi was convicted in
10 the Eastern District of Virginia of effectively hacking on
11 behalf of a terrorist organization, that being ISIS or ISIL.
12 And the basic premise of the underlying case was that he had
13 hacked into military and government information, obtained
14 information about U.S. military and government personnel and
15 turned that information over to a terrorist organization for
16 the purpose of doing harm to Americans.
17     He pled guilty in that case, received about a 20-year
18 sentence.  After about five years he was released on-- the
19 grant of a motion for compassionate release on account of
20 COVID.
21     In the interim, it was determined that while Mr. Ferizi
22 was in custody at BOP, in Terra Haute, Indiana, and these
23 are -- the current allegations are that while in that custody
24 he effectively provided access to additional PII of individuals
25 to other individuals for the purpose of committing additional

1  computer offenses.  And so those are the current allegations.
2      Counsel informed me today, so he knows a little bit more
3  about this, but just so the Court is aware, I know we've talked
4  about this a little bit, but it doesn't really impact our
5  actual case, but the Court should be aware that the
6  compassionate release order was on appeal to the Fourth
7  Circuit.
8      And, as I understand, although Mr. Fakhoury is more on top
9  of this than I am because he told me about it, today the Fourth
10 Circuit sent it back to the Eastern District of Virginia for
11 a -- on a remand to reconsider additional information.
12     So that's kind of the full picture, and that's the nature
13 of this case.
14     **THE COURT:**  I didn't understand.
15     Okay.  You did very well on -- one thing I just missed is,
16 are you saying that the defendant allegedly, while in federal
17 custody, committed these crimes?
18     **MR. FRENTZEN:**  Correct, Your Honor.
19     **THE COURT:**  What was the way in which he communicated
20 these PII information?
21     **MR. FRENTZEN:**  Online, providing access online through
22 communications through other individuals so that they could
23 access information which, I believe, he was holding in,
24 effectively, a cloud account.
25     **THE COURT:**  You mean the inmates these days can have

1   access to the Internet?
2          **MR. FRENTZEN:**  I think almost all of them do in
3   certain facilities.
4       I know that Mr. Ferizi was in a -- supposedly, in a
5   controlled communications part of BOP, but there's still means
6   and access.  And so that's part of the allegations in this
7   case.
8          **THE COURT:**  All right.  One thing I'm required to do
9   is remind the Government of your Rule 5 *Brady* obligations.
10         **MR. FRENTZEN:**  Of course, Your Honor.
11         **THE COURT:**  All right.
12      Mr. Fakhoury, what would you like to add to the story?
13         **MR. FAKHOURY:**  I think Mr. Frentzen summarized the
14  Government's case.  I think it's safe for the Court to assume
15  we have a different view of things to some degree, but, I
16  think, in terms of the procedure, I think that's exactly right.
17      I had submitted a discovery request, pretty lengthy
18  discovery request to Mr. Frentzen yesterday.  And I will say
19  that the majority of the discovery that the Government -- him
20  and I, we have effectively worked out most of the differences.
21      I have submitted a supplemental request.  And my
22  understanding from Mr. Frentzen is there will be some materials
23  produced, there will be some materials that will not be
24  produced that I've requested.  So I'll wait and see what they
25  produce and what they don't produce.

1    And then in terms of setting further dates, I agree that
2 this case is not going to resolve short of trial.
3    One thing I had wanted to ask the Court to do, in addition
4 to setting any trial date, if the Court's inclined to set one
5 now, is there are going to be pretrial motions that I intend to
6 file, and I was hoping we could set a filing date of
7 February 15.  That just --
8    **THE COURT:**  What are those motions going to be?
9    **MR. FAKHOURY:**  They're going to be a motion to
10 dismiss, Your Honor, on the basis of vindictive prosecution
11 because there's a pretty clear line between the granting of the
12 compassionate release request and the initiation of the FBI
13 investigation into Mr. Ferizi.
14    There may potentially be a motion to suppress.  That is
15 somewhat dependent on discovery requests I've made for search
16 warrant affidavits which haven't been produced.  I've got the
17 returns, I just don't have the affidavits.
18    So depending on what the affidavits say, there may be a
19 *Franks* motion there.  But, obviously, I've got to take a look
20 at the affidavits first.
21    So that's sort of --
22    **THE COURT:**  What other motions, if any?
23    **MR. FAKHOURY:**  There may be a motion to dismiss for a
24 speedy trial violation, Your Honor.  That one I need to
25 research a little bit more.

1    The procedural history is a little complicated in terms of
2 what the FBI did and did not do with respect to Mr. Ferizi
3 while he was in Bureau of Prisons custody.
4    And so, you know, I'm still sort of -- I've done
5 preliminary research on those points, and I want to think it
6 through a little bit more, which is why I'm sort of asking for
7 a little bit of a longer time frame in terms --
8         **THE COURT:**  Has time been excluded up until now?
9         **MR. FAKHOURY:**  I believe so, Your Honor.  At least up
10 through last week.
11         **MR. FRENTZEN:**  I believe that's correct.  Well, I
12 thought we excluded time last week until today but, yes, I
13 believe so, Your Honor.  There was a stipulation filed by
14 counsel for Mr. Ferizi that, I believe, excluded time for
15 effective preparation.
16         **THE COURT:**  You're talking about speedy trial
17 pre-indictment delay?
18         **MR. FAKHOURY:**  Correct.
19         **THE COURT:**  But there wasn't even an indictment.
20 There was a complaint; right?
21         **MR. FRENTZEN:**  Well, he was complainted and then
22 indicted, Your Honor.
23         **THE COURT:**  When was the indictment?
24         **MR. FRENTZEN:**  The date was January 21st of 2021.
25         **THE COURT:**  January 21, 2021.  Okay.

```
 1          Well, all right.  So you would like a filing date of
 2   February 15th on those various motions?
 3          MR. FAKHOURY:  Correct, Your Honor.
 4          THE COURT:  All right.  Now, I'm not -- what general
 5   ballpark of trial date are you thinking about?
 6          MR. FAKHOURY:  We had talked about setting it in May.
 7   I'm not sure how long the Government's case is going to take,
 8   so I don't know how much time we need to block for that, but
 9   that was sort of what we were thinking.
10          THE COURT:  Could my law clerk please go get me the
11   plasticized calendar so I can see what might be available.
12       What other kind of motions do we need to build into the
13   program?
14          MR. FAKHOURY:  I certainly think there's going to be
15   motions *in limine*, Your Honor, obviously.
16       Beyond that, I have kind of thrown around the idea of a
17   motion for foreign deposition.  I'm not sure if it's necessary
18   at this point.
19          THE COURT:  Who would that be?  Who would be the
20   deponent?
21          MR. FAKHOURY:  Well, again, now we're sort of getting
22   into the nuts and bolts of the case.  But, effectively, there
23   is an allegation that Mr. Ardit Ferizi passed along personal
24   identifying information to his brother who lives abroad.  So to
25   the extent that he is either a witness or a potential
```

1  co-conspirator, there may be a need to have him deposed.

2  I'm not sure about that, Your Honor, but I've got to think
3  it through.  That is another -- just in the interest of full
4  disclosure, in terms of what I'm thinking in terms of what
5  needs to get filed, that's sort of in the ballpark, but for
6  sure pretty standard motions *in limine* as well.

7  And perhaps, you know, on the discovery issues, again,
8  without knowing what the Government's going to produce and
9  decline to produce, there may need to be litigation on
10 discovery.  If there's classified information, there may need
11 to be CIPA litigation.  At this point, I'm not entirely sure
12 yet until I see what the Government's response to my request
13 is.

14 **THE COURT:**  Does the Government oppose the motion for
15 defendant to use a discovery tablet?

16 **MR. FRENTZEN:**  We do at this point, Your Honor.  I
17 just reviewed it today, and if I could briefly just -- I just
18 read it today.  My issue with the motion is the following:

19 I have some understanding, although at this point this is
20 just word-of-mouth, but I have polled some people within my
21 office that in the past there have been some issues with these
22 tablets.

23 I don't want to get too in the weeds about it because I
24 know it was just filed today.  And if the Court wants further
25 briefing we may be able to avoid briefing if I can get sort of

1   a disclosure of what exactly, you know, the tablet is, the
2   technology is, and so on, and check out whether or not we
3   continue to have concerns about it once I consult with others.
4       But it's my understanding that in the past these
5   supposedly disabled tablets have been utilized to be able to go
6   online and, therefore, either make communications or transfer
7   documents and materials.
8           **THE COURT:**  So you want to have a chance to oppose the
9   motion?
10          **MR. FRENTZEN:**  That's correct, Your Honor.  Sorry that
11  was a little --
12          **THE COURT:**  Is there a hearing date for that motion?
13          **MR. FAKHOURY:**  There's not, Your Honor.  And I --
14          **THE COURT:**  Let's set one right now.  How about two
15  weeks from today?
16          **MR. FRENTZEN:**  Your Honor, if I could -- that's fine.
17  I'm only thinking about obtaining the information and then
18  actually putting together some form of an opposition if the
19  Court wants a written response before that hearing in two
20  weeks.
21          **THE COURT:**  I would want a written response.
22          **MR. FRENTZEN:**  Okay.
23          **THE COURT:**  But is that not enough time?
24          **MR. FRENTZEN:**  I just don't know because I read it
25  today before I walked here.  I'm just sort of -- I would

1  imagine that I can get that information.  I would also imagine
2  that then I can turn around and try to get it checked out.
3       I mean, someone can tell me, it's like telling a dog,
4  right, because I don't understand.
5           **THE COURT:**  21st of December.  And then you can file
6  your opposition --
7           **MR. FRENTZEN:**  Great.
8           **THE COURT:**  -- two weeks ahead of time.
9       And, Mr. Fakhoury, is that --
10          **MR. FAKHOURY:**  Your Honor, I'm actually out of the
11 district on that day.  I could do the 14th or I could do the
12 28th, but I can't do the 21st, Your Honor.
13          **THE COURT:**  All right.  Well, then let's say the 14th.
14          **MR. FRENTZEN:**  That works.
15          **THE COURT:**  14th.  And then the response is two weeks
16 earlier, and the reply is one week earlier.  All right?
17          **MR. FAKHOURY:**  That's fine, Your Honor.  Thank you.
18          **THE COURT:**  All right.  Okay.  So the month of May.  I
19 think I can do that.  My schedule here doesn't show any trials
20 in the month of -- criminal trials.  I've got plenty of civil
21 trials.
22      Karin, do you see any criminal trials in the month of May?
23          **LAW CLERK:**  I'm looking right now.
24          **THE CLERK:**  Judge, everything --
25          **THE COURT:**  All right.  Let's say May 2nd.  Does that

```
 1  work?
 2          THE CLERK:  Everything on for May is civil.
 3          THE COURT:  What?
 4          THE CLERK:  They are all civil matters that you have
 5  set for May 2022, civil jury trials.
 6          THE COURT:  Yes.  I'm always going to have civil
 7  cases.
 8          THE CLERK:  Yep.
 9          THE COURT:  So I can bump those if I have to.
10  May 2nd.  And the final pretrial conference would be April
11  27th, a Wednesday.
12       Does that work for both sides?
13          MR. FRENTZEN:  Yeah, those are fine for the
14  Government.
15          MR. FAKHOURY:  Yes, that's fine, Your Honor.  Thank
16  you.
17          THE COURT:  What I have to do, then, I'm not going to
18  bother you with it right now, but I am going to use the dates
19  as broad parameters and give you a scheduling order that is
20  tentative.  But you've got to respond -- meet and confer and
21  tell me if -- you can adjust it by agreement.  And if you can't
22  agree, tell me what the disagreement is and I'll try to do a
23  final version.
24       We don't need to have a hearing on that, I don't think.
25  Just meet and confer, and each of you give me your thoughts.
```

1  We'll see on the 14th.  We can possibly discuss it on the 14th.
2  Okay?
3          **MR. FAKHOURY:**  That's totally fine, Your Honor.  Thank
4  you.  On the 14th, that's at 2:00 o'clock?
5          **THE COURT:**  Yes, it would be.  It would be 2:00
6  o'clock.
7          **MR. FAKHOURY:**  And then should I -- can we also set
8  that briefing, and maybe the Court already did this, other
9  pretrial motions I had mentioned could be filed by
10 February 15th.
11         **THE COURT:**  I'm going to try my best to give you
12 something very close to that date.
13         **MR. FAKHOURY:**  Okay.
14         **THE COURT:**  I have to -- you know, February 15th is
15 pretty close to May 2nd, but maybe -- I don't know.  Maybe I
16 give it to you February 7th instead.  I know what you want.
17 I'll try to get close to that.
18         **MR. FAKHOURY:**  Sounds good.
19         **THE COURT:**  Your client, is he vaccinated?
20         **MR. FAKHOURY:**  You know, I'm actually not sure.
21         **THE COURT:**  Are you vaccinated?
22         **THE DEFENDANT:**  Yes, Your Honor.
23         **THE COURT:**  Fully?
24         **THE DEFENDANT:**  Yeah.
25         **THE COURT:**  Two shots?

1  **THE DEFENDANT:** Yes, Moderna vaccine.

2  **THE COURT:** Moderna?

3  **THE DEFENDANT:** Yes.

4  **THE COURT:** All right. Good for you. Thank you, sir.

5  **THE DEFENDANT:** Thank you.

6  **THE COURT:** Anymore business today?

7  **MR. FRENTZEN:** I think just to exclude time, Your Honor.

9  **MR. FAKHOURY:** I have no objection to that request. I think effective preparation of counsel is going to be a good basis for it.

12  **THE COURT:** Time is excluded for that reason up to the next hearing date, which is December 14th.

Thank you, Counsel.

15  **MR. FAKHOURY:** Thank you, Your Honor.

16  **MR. FRENTZEN:** Thank you, Your Honor.

17  (At 2:29 p.m. the proceedings were adjourned.)

- - - - -

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Wednesday, December 15, 2021

_Katherine Sullivan_

Katherine Powell Sullivan, CSR #5812, RMR, CRR
U.S. Court Reporter